kaw

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CURT BROCKMAN, et al.,     ) | |
|     ) | |
|     Plaintiffs,     ) | |
|     ) | |
|   vs.     ) | |
|     ) | |
| THE BOARD OF COUNTY,     ) | |
| COMMINISSIONERS OF THE     ) | |
| COUNTY OF SHAWNEE AND     ) | |
| SEWER DISTRICT 74,     ) | Case No. 07-4103-JAR |
|     ) | |
|     Defendants,     ) | |
| and     ) | |
|     ) | |
| GENERAL CASUALTY INSURANCE     ) | |
| COMPANY OF WISCONSIN,     ) | |
|     ) | |
|     Garnishee.     ) | |

## MEMORANDUM AND ORDER

The Court now considers Garnishee Casualty Insurance Company of Wisconsin's Motion to Review Magistrate's Order (Doc. 26), and Plaintiffs' Motions to File Out of Time (Docs. 14, 16). For the reasons stated in more detail below, garnishee's motion is granted and plaintiff's motions are granted.

**Procedural History**

This action commenced in Shawnee County District Court on August 24, 2006, against Shawnee County Commissioners and LP's Excavating, Inc. ("LP's"). On February 2, 2007, a journal entry dismissing LP's was entered. A judgment was entered on July 18, 2007, adjudging Shawnee County and LP's liable for damages to plaintiffs in the amount of $2,831,600, of which Shawnee County was adjudged 30% liable and LP's 70% liable. Plaintiffs then filed a

garnishment action against Casualty Insurance Company of Wisconsin ("CICW") on August 21, 2007, which was removed to this Court on September 17, 2007.  Garnishee filed an answer to the Order of Garnishment on September 20, 2007, to which plaintiffs failed to reply.  Garnishee subsequently filed a Motion for Judgment on the Pleadings on January 14, 2008, in which it moved for judgment on the ground, *inter alia*, that plaintiffs failed to reply to its answer.  After becoming aware of the Motion for Judgment on the Pleadings filed by garnishee, plaintiffs filed a Motion and Amended Motion for Time to File Reply to Garnishee's Answer.  On February 2, 2007, Magistrate Judge Sebelius granted plaintiffs' motion to amend and reply to garnishee's answer.  Garnishee then filed a motion to review that Order.

**Background**

   Findings of fact were issued with the consent judgment by Shawnee County District Judge Larry Hendricks.  Judge Hendricks found that on April 27, 2005, the Kansas Department of Health and Environment ("KDHE") issued a building permit to Shawnee County for the extension of certain sewer lines near Sherwood Park in Shawnee County, Kansas.  Shawnee County hired Bartlett and West Engineering Group to oversea the operations of LP's in completing the sewer extension process.  Throughout the process Shawnee County would routinely stop work by LP's, reject materials, or exert more supervisory control.

   On August 10, 2005, Shawnee County informed LP's that the pipe it was using in the extension process was unacceptable and would have to be removed, and that the KDHE required erosion control installed on the Sherwood site.  LP's removed over 200 feet of pipe as requested by Shawnee County, but in the process left an open trench more than 120 yards long near Sherwood Park.  The problem was exacerbated because during the digging process, LP's piled a

six foot mount hill on the sloped side of the open trench, creating a damming effect when run-off flowed downhill to the manholes beyond the mount hill.

On August 18, 2005, a storm moved into Topeka.  LP's stopped work on the trench, but failed to plug the sewer line, leaving it open to infiltration by elements flowing downhill.  The following day, a number of residents located near the Sherwood site experienced sewage flowing from their basement pipes and toilets, creating a foul aroma.  City crews were alerted to the flooding in the Sherwood area and immediately checked the pumps, but could not find where the extra 2000 gallons per minute of sewage was flowing from.  By late that evening, a number of other residents throughout the neighborhood notified Shawnee County that sewage was seeping into their basements due to another flurry of rain that had hit Topeka that evening.  The sewage began to recede once the storm had passed over Topeka.  Plaintiffs, homeowners in the Sherwood Park area, filed suit in Shawnee County District Court claiming that Shawnee County and LP's were liable for the damages to their homes.

LP's had an insurance policy that insured it as well as Shawnee County for the negligence of LP's.  Shawnee County notified CICW of the suit pending before the court, explaining that plaintiffs sought damages for the negligence of LP's and Shawnee County.  On October 23, 2006, CICW denied Shawnee County coverage and also failed to provide a defense.  On December 5, 2006, Shawnee County again notified CICW that plaintiffs were alleging that Shawnee County was responsible for the negligence of LP's, and that as a result, CICW should provide coverage and represent the County.  On June 15, 2007, Shawnee County again contacted CICW and requested coverage and defense, and informed CICW of the trial conference scheduled in the case.  On June 29, 2006, a few days before scheduled trial, CICW responded

that it would provide a defense and coverage under reservation of rights.  Shawnee County did

not respond to the offer and trial commenced on July 2, 2007.

The Shawnee County District Court found that LP's was negligent in failing to plug the

sewer line at the end of the workday on August 18, 2005, and that Shawnee County was

negligent in failing to maintain and inspect the sewer lines servicing the Sherwood area.  LP's

and Shawnee County were adjudged liable for negligence damages, nuisance damages, and

stigma damages in the amount of $2,831,600.  LP's was found 70% liable and Shawnee County

was found 30% liable.

**Analysis**

### Garnishee's Motion for Review of Magistrate's Order (Doc. 26)

"Federal magistrate judges are creatures of statute, and so is their jurisdiction," they only

have the authority granted to them under 28 U.S.C. § 636.[1]  Unless the parties consent to having

the magistrate judge rule on dispositive matters, the magistrate judge is entrusted with the power

to rule on non-dispositive issues only.[2]  Once a magistrate judge rules on a non-dispositve

motion, the district court reviews the order under a clearly erroneous standard.[3]  If a magistrate

judge does consider a dispositive matter, he may only make proposed findings of fact and

recommendations, which the district court reviews *de novo*.[4]  Section 636(b)(1)(A) provides

eight matters on which a magistrate judge's authority is limited.[5]  However, motions that are not

---

[1] *Phillips v. Beierwaltes*, 466 F.3d 1217, 1222 (10th Cir. 2006).

[2] *Id.*

[3] *Id.*

[4] *Id.*

[5] *First Union Mortgage Corp. v. Smith*, 229 F.3d 992, 995 (10th Cir. 2000).

designated in that section as dispositive, nevertheless, are sometimes treated as dispositive where there would be an identical effect.[6]

Garnishee claims that Judge Sebelius did not have jurisdiction to decide the motion for leave to file a reply out-of-time because the motion asserted a dispositive defense and was not a routine motion for extension of time to file.  Because garnishee asserts that the failure to file a reply to its answer is a bar to recovery of the debt, Judge Sebelius' ruling on the motion to file a reply out-of-time effectively decided the issue raised by garnishee in its motion for judgment on the pleadings.  The crux of garnishee's argument is that the motion to file a reply out-of-time was a dispositive motion going to the merits of the case.

Garnishee is correct.  Though plaintiffs argue that Judge Sebelius had jurisdiction to decide the issue because it was merely a motion to file a reply out-of-time, the Court notes the dispositive effect a denial of the motion to file out-of-time would have on the case.  Additionally, the issue was raised in garnishee's motion for judgment on the pleadings, one of the dispositive motions listed in 28 U.S.C. § 636(b)(1)(A).[7]  Notwithstanding that the statute forbids a magistrate judge from effectively ruling on a motion for judgment on the pleadings, the Court is convinced that the ruling on the motion to reply out-of-time had a dispositive effect. Consequently, the Court will review the issues raised in plaintiffs' motion to file reply out-of-time *de novo*.

**Plaintiffs' Motion To File Reply Out-of-Time** (Docs. 14 & 16)

Plaintiffs claim that their motion to file out-of-time should be granted because they

---

[6]*Id.* (citing *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1461-62 (10th Cir. 1988)).

[7]28 U.S.C. § 636(b)(1)(A).

substantially complied with the procedural rules under Kansas law.  Alternatively, they claim

that the motion should be granted because of excusable neglect.  The court entertains each issue

in turn.

Under the Kansas garnishment procedures, after a garnishee is served with garnishment,

it must answer the allegations within ten days.[8]  The judgment debtor or creditor then has ten

days to reply to the answer and then must schedule a hearing within thirty days.[9]  Plaintiffs argue

that they substantially complied with K.S.A. § 60-738(a) by complying with Federal Rule of

Civil Procedure 16(b).  Rule 16(b) provides that "[e]xcept in categories of actions exempted by

local rule as inappropriate, the district judge, or a magistrate judge when authorized by district

court rule, shall" issue a scheduling order.  Because the scheduling order was issued within fifty

days of the filing of the answer, and plaintiffs's counsel contacted garnishee's counsel within

thirty-eight days of the filing of the answer to discuss the controverted issues, garnishee had

notice of the controverted claims and the essential components of K.S.A. § 60-738(a) were

satisfied.

The Court is unable to find any cases permitting substantial compliance with K.S.A. §

60-738(a) under the Kansas garnishment statutes.  Indeed, plaintiffs cite to no cases to support

their contention that they substantially complied with the directions of the statute.  Moreover, it

has repeatedly been expressed by Kansas courts that "[g]arnishment is an extraordinary remedy

and may be resorted to only under the conditions and procedure expressly authorized by

---

[8]K.S.A. § 60-736(b).

[9]K.S.A. § 60-738(a).

statute."[10]   Furthermore, even if the statute did not require a strict construction, this Court would not be inclined to find that plaintiffs substantially complied because the statute provides that a hearing should be held within thirty days of the filing of the reply, of which the judgment creditors have the burden to show that they are entitled to the proceeds.  Here, that time has passed and there was no such hearing.  And lastly, K.S.A. § 60-739(b) provides that garnishee may release any funds "attached pursuant to the order of garnishment if no order to pay the court has been received within 60 days following receipt" of the garnishee's answer.  More than 60 days have elapsed in this case.  As a consequence, abiding by Federal Rule of Civil Procedure 16(b) could not constitute substantial compliance with K.S.A. § 60-738(a).

Plaintiffs also assert that they should be granted an extension of time to file because plaintiffs' counsel has never filed a garnishment action, and was primarily concerned with the rules and procedures for removal from state court, and focused on whether garnishee had a good faith basis for remanding the case back to state court.  In essence, plaintiffs argue that counsel's actions constitute excusable neglect.  Garnishee counters by asserting that under Kansas law, a plaintiff can only obtain an extension of time to file a reply where service was not properly completed.  Alternatively, garnishee claims that plaintiff's unilateral mistake and lack of knowledge of the law is not excusable neglect, and in any event, plaintiffs' counsel has years of experience in Federal Court and with Federal Civil Procedure.

Under Federal Rule of Civil Procedure 6(b)(1)(B), a court may extend the time to file

---

[10]*Ray v. Caudill*, 974 P.2d 560, 562 (Kan. 1999) (citing *Reed v. Ziegler*, 265 P.2d 855, 857 (Kan. 1954)); *see also Vanover v. Vanover*, 987 P.2d 1105, 1109 (Kan. Ct. App. 1999) (citations omitted),

upon a showing of excusable neglect.[11]

> The determination of whether excusable neglect has been established is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission including: (1) the danger of prejudice; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reasons for the delay which includes whether it was within the reasonable control of the party seeking to show excusable neglect; and (4) whether that party acted in good faith.[12]

Though the concept of excusable neglect is quite elastic,[13] "it is well established that inadvertence, ignorance of the rules, and mistakes construing the rules do not constitute excusable neglect for purposes of Rule 6(b)."[14]

A number of courts have addressed the issue of excusable neglect in the context of garnishment proceedings.  In those cases, the courts seem inclined to grant a party extra time to file a reply or answer as the case may be.[15]  Plaintiffs rely on *McCoy v. Lafaut*[16] and *Bridges v. Bentley*,[17] where the district courts found that there was excusable neglect, thus, permitting

---

[11]Before addressing the parties' contention, there is some confusion about which law governs: state or federal civil procedure.  Under Federal Rule of Civil Procedure 69(a)(1) the procedures of state law control a writ of execution for a money judgment.  Therefore, Kansas garnishment rules control.  What is confusing, however, is whether federal law on excusable neglect governs.  In federal courts, Fed. R. Civ. P. 6 applies; in Kansas courts, K.S.A. § 60-206 applies.  Some federal courts have applied the Kansas statute and others have applied Rule 6.  In any event, the difference in the analysis is negligible at best.  Therefore, this Court will apply the Federal Rules as this is Federal Court.

[12]*Coleman v. Blue Cross Blue Shield of Kan.*, 487 F. Supp. 2d 1225, 1234-35 (D. Kan. 2007)(citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. L.P.*, 507 U.S. 380, 391-92 (1993)).

[13]*Id.* at 1234.

[14]*Quigley v. Rosenthal*, 427 F.3d 1232, 1238 (10th Cir. 2005).

[15]*See Boyce v. Boyce*, 476 P.2d 625, 629 (Kan. 1970), *Wolveron v. Bullock*, 1996 WL 254649, at *2 (D. Kan. Apr. 10, 1996).

[16]813 F. Supp. 1508 (D. Kan. 1993).

[17]1989 WL 134939 (D. Kan. Oct. 4, 1989).

plaintiffs to file their replies beyond the ten-day period under Kansas law.

In *Bridges*, plaintiff failed to file a reply to garnishee's answer.[18]  The district court, without much analysis, found that the plaintiff could file a reply beyond the deadline because plaintiff's attorney was focused on the motion to remand that was pending in the case, and because garnishee had little basis for prejudice, considering that garnishee also failed to abide by the strict requirements of K.S.A. § 60-718.[19]  In *McCoy*, the court granted plaintiff time to reply even though it found her counsel's neglect to be inexcusable.[20]  The court reasoned that plaintiff's failure to file a reply for over nineteen months was directly attributable to her counsel and that her case should not be dismissed for that purpose because she was wholly innocent in that respect.[21]

Garnishee relies on *Voyles v. Garcia*,[22] which held that counsel's actions were not excusable neglect.[23]  In *Voyles*, counsel initiated a garnishment proceeding and failed to file a reply to garnishee's answer.[24]  Over forty days later, plaintiff initiated a second garnishment action, hoping to abandon the first and continue the second.[25]  The *Voyles* court reasoned that plaintiff's failure to reply to the first garnishment action was not excusable neglect because

---

[18]*Id.* at *1.

[19]Section 60-718 is the former garnishment procedure statute.

[20]*McCoy*, 813 F. Supp. at 1513.

[21]*Id.*

[22]17 P.3d 947 (Kan. Ct. App. 2001).

[23]*Id.* at 949.

[24]*Id.* at 948.

[25]*Id.* at 949.

plaintiff did not assert any basis for excusable neglect.[26]  Moreover, plaintiff waited over four months to make an oral motion for an extension of time to reply.[27]

After reviewing much of the case law on extensions of time to file replies or answers in garnishment proceedings, the Court finds that counsel's action constitutes excusable neglect. Though the Court is not convinced that the *McCoy* court decided the issue of excusable neglect correctly, this Court nonetheless finds that plaintiffs have shown excusable neglect in accordance with the case law.[28]  While in *Voyles*, the judge found that plaintiff did not assert any grounds for excusable neglect, here, plaintiffs' counsel has genuinely provided the Court with a basis on which his delay was based and according to the case law on the issue, it has often been dubbed excusable neglect.

Garnishee, however, implies that plaintiffs' counsel acted in bad faith by representing to the Court that he "has never before filed a garnishment action and only dealt with removal to Federal Court a handful of times in his career."  To show this, garnishee points the Court to a number cases by counsel's firm, where counsel was involved in garnishment actions removed to federal court.  Because those referenced cases occurred some eight years ago, however, they tend to show that counsel may not be that well versed in filing garnishment actions, demonstrating that his actions were not in bad faith.  Furthermore, garnishee cites to a number of other cases filed in federal court by plaintiffs' counsel to suggest that counsel is aware of the federal

---

[26]*Id.*

[27]*Id.*

[28]*See, i.e., Wolverton v. Bullock*, 1996 WL 254649, at * 2 (D. Kan. Apr. 10, 1996) (finding that it was excusable neglect for plaintiff to file a reply out of time), *Boyce v. Boyce*, 476 P.2d 625, 629 (Kan. 1970) (finding that garnishee's failure to answer within the allotted time was excusable neglect warranting extension of time), *Widen v. Mize*, 2007 WL 3275907, at * 3 (Kan. Ct. App. Nov. 2, 2007) (finding that garnishee's failure to file answer in time was excusable neglect).

procedures and the removal process.  Noting these cases, however, undermines garnishee's theory that plaintiffs' counsel was unaware of the law and tends to show that plaintiffs' counsel genuinely was concerned with the removal process.

Finally, there is little prejudice to occasion garnishee in this action if the plaintiffs are permitted to answer out of time.  Rather, granting plaintiffs extension of time to file will give the Court the opportunity to settle matters on the merits rather than on a procedural mishap by counsel.

**IT IS THEREFORE ORDERED THAT** Garnishee Casualty Insurance Company of Wisconsin's Motion to Review Magistrate's Order (Doc. 26) is granted.

**IT IS FURTHER ORDERED THAT** Plaintiffs' Motions to File Out of Time (Docs. 14 & 16) are granted.  Plaintiff has 10 days from date of this Order to file it's Reply to garnishee's answer.

**IT IS SO ORDERED.**

Dated this 10th day of April 2008.


 S/ Julie A. Robinson
**Julie A. Robinson**
**United States District Judge**

11