kaw

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **CURT BROCKMAN, et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| vs. ) | |
| ) | |
| **THE BOARD OF COUNTY,** ) | |
| **COMMISSIONERS OF THE** ) | |
| **COUNTY OF SHAWNEE AND** ) | |
| **SEWER DISTRICT 74,** ) | Case No. 07-4103-JAR |
| ) | |
| **Defendants,** ) | |
| and ) | |
| ) | |
| **GENERAL CASUALTY INSURANCE** ) | |
| **COMPANY OF WISCONSIN,** ) | |
| ) | |
| **Garnishee.** ) | |
| ) | |

## MEMORANDUM AND ORDER

The Court now considers Garnishee General Casualty Insurance Company of Wisconsin's Motion for Judgment on the Pleadings (Doc. 10). For the reasons stated in detail below, garnishee's motion is denied.

**I.  Procedural History**

This action commenced in Shawnee County District Court on August 24, 2006, against Shawnee County Commissioners and LP's Excavating, Inc. ("LP's"). On February 2, 2007, a journal entry dismissing LP's was entered. A judgment was entered on July 18, 2007, adjudging Shawnee County and LP's liable for damages to plaintiffs in the amount of $2,831,600, of which Shawnee County was adjudged 30% liable and LP's 70% liable. Plaintiffs then filed a garnishment action against General Casualty Insurance Company of Wisconsin ("CICW") on

August 21, 2007, which was removed to this Court on September 17, 2007. Garnishee filed an answer to the Order of Garnishment on September 20, 2007, to which plaintiffs failed to reply. Garnishee subsequently filed a Motion for Judgment on the Pleadings on January 14, 2008, in which it moved for judgment on the ground, *inter alia*, that plaintiffs failed to reply to its answer. After becoming aware of the Motion for Judgment on the Pleadings filed by garnishee, plaintiffs filed a Motion and Amended Motion for Time to File Reply to Garnishee's Answer. On February 2, 2007, Magistrate Judge Sebelius granted plaintiffs' motion to amend and reply to garnishee's answer. Garnishee then filed a motion to review that Order. The motion to review Judge Sebelius's order was granted, but this Court agreed that plaintiffs could file their reply out of time. In response to garnishee's motion for judgment on the pleadings, plaintiffs filed a cross-motion for summary judgment and garnishee has responded to plaintiffs' motion.

## II.     Judgment on the Pleadings Standard

A court applies the same standard on a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) as on a motion to dismiss under Fed. R. Civ. P. 12(b)(6).[1] All well-pleaded allegations in the complaint are taken as true and construed in the light most favorable to the plaintiff.[2] As previously stated in this Circuit, the complaint should not be dismissed unless it appears beyond doubt that plaintiff cannot prove any set of facts in support of his claim which would entitle him to relief.[3] That standard, however, has changed to a new inquiry: "whether the

---

[1] *Ramirez v. Dep't of Corr.*, 222 F.3d 1238, 1240 (10th Cir. 2000).

[2] *Id.*

[3] *Id.*

2

complaint contains 'enough facts to state a claim to relief that is plausible on its face.'"[4]  This means that a plaintiff must "'nudge his claim across the line from conceivable to plausible' in order to survive a motion to dismiss."[5]  Thus, the new standard requires plaintiff to show that his claim is more than metaphysically possible by showing that there is a "reasonable likelihood of mustering factual support."[6]  At this stage of the proceedings, the issue is not whether plaintiffs will prevail, but whether they are entitled to offer evidence to support their contentions.[7]  As on a motion to dismiss under 12(b)(6), documents attached to the pleadings are exhibits that may be considered.[8]

## IV. Discussion

### A. LP's Liability/Duty to Defend

Garnishee's first contention is that the 30% fault attributable to the County is not covered under the insurance agreement.  Garnishee notes that the policy limits coverage for the County to claims of imputed fault based on the conduct of the insured, in this case LP's.  The insurance agreement provides coverage for an "additional insured solely for the liability due to . . . negligence specifically resulting from" the work of the insured, and "[n]o coverage applies for any liability due to negligence attributable to any person or entity other than the Named insured."  Therefore, garnishee argues, the policy only covers the 70% fault attributable to LP's.

---

[4]*Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1969 (2007)).

[5]*Id.* (quoting *Twombly*, 127 S. Ct. at 1969).

[6]*Id.*

[7]*Heckman v. Zurich Holding Co. of Am.*, 242 F.R.D. 606, 608 (D. Kan. 2007).

[8]*Park Univ. Enter., Inc. v. Am. Cas. Co. of Reading, PA*, 442 F.3d 1239, 1244 (10th Cir. 2006).

Garnishee bolsters its argument by referring *Baker v. City of Topeka*.[9] In *Baker*, the Kansas Supreme Court held that Kansas Power & Light did not have to indemnify the City for the negligence of the City's employees or agents because nothing in the agreement between the two provided for such indemnification.[10] Garnishee relies on this finding by the Court to reason that Garnishee does not have to provide payments to the plaintiffs because the agreement only requires payment for the fault attributable to LP's. And because of the judgment rendered in state court, garnishee is only liable for the 70% fault of LP's.

Plaintiffs do not contest the language in the insurance agreement. Instead, plaintiffs argue that garnishee is liable to the full extent of the judgment because it had a duty to defend Shawnee County and acted in bad faith in denying coverage. As a result, judgment on the pleadings is not warranted. Plaintiffs' state court exhibits explain that Shawnee County, on a number of occasions, sought coverage and a defense from CICW. And each time it was denied. Now plaintiffs claim that CICW is liable to the full amount of the judgment because of its failure to defend Shawnee County and because it acted in bad faith.

The duty to defend is based on the possibility of coverage, and must be determined by a good faith analysis, reviewing all the information the insurer may know and reasonably could have known.[11] Generally, it is said that an insurer has a duty to defend if there is a possibility of coverage.[12] Specifically, "an 'insurer has a duty to defend if, based on the pleadings and any

---

[9] 644 P.2d 441 (Kan. 1982).

[10] *Id.* at 445-46.

[11] *S. Cent. Kan. Health Ins. Group v. Harden & Co. Ins. Servs., Inc.*, 97 P.3d 1031, 1035 (Kan. 2004).

[12] *Id.*

4

facts brought to the insurer's attention or reasonably discoverable during the insurance investigation, there is a potential for liability.'"[13]

Here, plaintiffs have alleged that CICW failed to provide a defense to Shawnee County even though the County contacted CICW and told its acting counsel that plaintiffs were claiming that the County and the insured were negligent, and that plaintiffs were seeking to hold both the County and LP's liable. On September 21, 2006, Shawnee County contacted CICW to inform it that plaintiffs sought to hold the County and LP's liable. In the correspondence, Shawnee County attached the petition in state court and also explained to CICW that the letter should be considered notice of the claims asserted and a request for coverage and defense. In response, on October 23, 2006, CICW denied coverage. Again on December 5, 2006, Shawnee County notified CICW about the claims, explaining that plaintiffs sought to hold the County liable for the negligence of LP's. Again, this request was rejected. It was not until June 29, 2007, a few days before the pretrial conference, that CICW explained that it would defend the County with reservation of rights. The County never responded and judgment was entered. Surely, these allegations and supporting exhibits provide a plausible claim against CICW.

CICW yet argues that it settled the claims with plaintiffs and that it acted when it was informed of a potentially covered claim. These facts, however, are not referenced in the pleadings or documents[14] and the Court must make all reasonable inferences in favor of the non-moving party. Here, the facts as alleged in the initial pleadings explain that CICW failed to

---

[13]*Advantage Homebuilding, LLC v. Maryland Cas. Co.*, 470 F.3d 1003, 1007 (10th Cir. 2006) (quoting *S. Cent. Kan. Health Ins. Group*, 97 P.3d at 1034).

[14]The Court notes that although the settlement agreement has been provided by CICW, it does not detail which plaintiffs settled their claims. Nor has any party provided a copy of the original petition or amended petition on which coverage was denied.

provide a defense or coverage after a number of letters and an attached petition was sent to CICW explaining Shawnee County's potential liability and LP's potential liability.

### B. Remaining Issues in the Motion for Judgment on the Pleadings

CICW also emphasizes that it has already settled with the plaintiffs for the liability of LP's, its insured. CICW then argues that because it has settled and because the judgment entered against Shawnee County is unreasonable due to the County's waiver of certain obvious defenses, it should not be liable. Plaintiffs respond that the settlement was not a release of all tortfeasors and that CICW misconstrues the law on the issue. Both parties draw on facts outside the pleadings to make their arguments. In fact, plaintiffs styled their response as a "Response to Garnishee's Motion for Judgment on the Pleadings and Cross Motion for Summary Judgment." As it is axiomatic that this Court not consider materials outside the pleadings, the Court will address the remaining arguments on a motion for summary judgment. CICW should file its motion addressing the remaining issues with evidence to support its contentions. After that time, the Court will take up CICW's motion for summary judgment and plaintiffs' cross motion for summary judgment.

**IT IS THEREFORE ORDERED** that Garnishee's Motion for Judgment on the Pleadings (Doc. 10) is denied.

**IT IS FURTHER ORDERED** that the remaining issues in Garnishee's Motion for Judgment on the Pleadings are taken under advisement.

Dated this 29th of April, 2008.

  S/ Julie A. Robinson
**Julie A. Robinson**
**United States District Judge**