## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CURT BROCKMANN, et al., )<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>THE BOARD OF COUNTY )<br>COMMISSIONERS OF THE )<br>COUNTY OF SHAWNEE, and )<br>SEWER DISTRICT 74, )<br>)<br>Defendants, )<br>and )<br>)<br>GENERAL CASUALTY INSURANCE )<br>COMPANY OF WISCONSIN, )<br>)<br>Garnishee. )<br>_____ ) | Case No. 07-4103-EFM |

## **MEMORANDUM AND ORDER**

This matter now comes before the Court pursuant to this Court's January 12, 2009 Order in which we found Garnishee General Casualty Insurance Company of Wisconsin ("CICW") entitled to its reasonable attorneys' fees due to Plaintiffs' failure to admit an item requested by CICW under Fed. R. Civ. P. 36.[1]  CICW was ordered to provide the Court its reasonable expenses incurred in proving the improperly denied request for admission on or before Feb. 11, 2009, and Plaintiffs were permitted 14 days thereafter in which to file their response.[2]  The matter is now ripe for the Court's ruling.

---

[1]*See* Doc. 62 (referring to Doc. 41-2, p.2 ¶ 6).

[2]CICW filed its Statement of Attorneys' Fees and Expenses on Feb. 11, 2009. Doc. 64. Plaintiffs subsequently filed their Response, Doc. 70, after which CICW filed a Reply. Doc. 71.

**I. Standard**

Determining the amount of attorney fees to award is a discretionary matter of the Court.[3] A presumptively reasonable fee is determined by multiplying the number of hours reasonably expended by a reasonable hourly rate, yielding a "lodestar figure."[4] This lodestar figure is then subject to the District Court's adjustment based on a number of factors.[5] Not all of these factors are relevant to every action,[6] and moreover, many are already "subsumed within the initial calculation of the lodestar."[7]

**II. Arguments**

CICW submitted its statement of attorneys' fees and expenses related to its proving that "[CICW] paid plaintiffs $800,000 to settle the liability of L.P.'s Excavating, Inc. for the events described in the journal entry of judgment entered on July 18, 2007."[8] In its fee request, CICW

---

[3]*Carter v. Sedgwick County*, 36 F.3d 952, 956 (10th Cir. 1994).

[4]*Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986); *see also Ramos v. Lamm*, 713 F.2d 546, 552 (10th Cir.1983) (*overruled on other grounds by Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 483 U.S. 711 (1987)).

[5]*Blum v. Stenson*, 465 U.S. 886, 888, 104 S. Ct. 1541, 79 L. Ed. 2d 891 (1984); *see also see also Homeward Bound, Inc. v. Hissom Memorial Ctr.*, 963 F.2d 1352, 1356 (10th Cir. 1992). This adjustment is based upon a number of factors set forth in *Johnson v. Georgia Highway Express, Inc*., 488 F.2d 714 (5th Cir. 1974). The Johnson factors include: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson*, 488 F.2d at 717-19.

[6]*Ramos*, 713 F.2d at 552.

[7]*Pennslyvania*, 478 U.S. at 565.

[8]Doc. 41-2, p. 2 ¶ 6.

claims a total of 20.25 hours worked: 16.25 hours by attorney Steve R. Fabert at $200-225 per hour,[9] and 4 hours clerical work performed by persons other than Mr. Fabert at $45-55 per hour. In support of the hours claimed, CICW submitted a breakdown generally describing the task completed, the date the task was performed, and the number of hours contributed to each task.

Plaintiffs contest CICW's submission as excessive, unreasonable, and confusing. Plaintiff first argues that CICW has failed to submit actual amounts billed, nor did it submit a definite amount charged per hour. As a result, Plaintiffs are unable to determine the actual amount CICW is claiming for a fee award. Next, Plaintiffs content that CICW's fee request is unreasonable and excessive because the attorney that represented L.P.'s Excavating in its settlement with the plaintiffs is a member of the same firm as Mr. Fabert, and therefore, he could have easily obtained the plaintiffs' settlement releases needed to prove the matter in question.

**III. Analysis**

CICW served its First Requests for Admissions on December 20, 2007,[10] after which Plaintiffs served their answers on January 17, 2008.[11] A party awarded fees and costs under Fed. R. Civ. P. 37(c)(2) is not entitled to include expenses incurred prior to the filing of answers to its requests for admissions.[12] Therefore, CICW is not entitled to any expenses incurred prior to January 18, 2009.

---

[9]Mr. Fabert notes in his affidavit for fees that he typically bills $200-225 per hour, but favored clients are sometimes given a discount. Mr. Fabert does not state whether CICW falls into the "favored client" status so as to receive a discount. Doc. 64-2, p.2 ¶ 4.

[10]Doc. 9.

[11]Doc. 13.

[12]*U.S. ex rel. Westinghouse Elec. Supply Co. v. Nat'l Surety Corp.*, 25 F.R.D. 249, 251 (E.D. Pa. 1960).

*a.  Reasonable Hours*

The burden is upon counsel requesting fees to substantiate the hours being requested through "meticulous, contemporaneous time records . . . [that] reveal, for each lawyer for whom fees are sought, all hours for which compensation is requested and how those hours were allotted to specific tasks."[13] A court has the duty to examine submitted billing records to ensure that the submitting attorney has exercised "billing judgment," which consists of the attorney "winnowing the hours actually expended down to the hours reasonable expended."[14] Hours that an attorney would not ordinarily bill to a client cannot be assessed to an adverse party.[15] The Court may generally reduce the number of hours claimed, in its discretion, to achieve what it determines reasonable in light of the task completed.[16]

In reviewing the general itemization of costs submitted by CICW, the Court finds that the reasonable hours expended to prove this one request for admission that Plaintiffs improperly denied is 5.05 hours: 4.05 hours attributed to work Mr. Fabert performed proving the request for admission, and 1.0 hour attributed to other clerical work, as follows:

| Date | Narrative | Hours Claimed | Hours Permitted |
|---|---|---|---|
| 12/20/2007 | Draft and serve First Request for Admissions to Plaintiffs | 0.50 | 0 |
| 1/18/2008 | Receipt and review of plaintiffs' response to garnishees request for admissions; review file for evidence to establish controverted matters | 1.20 | 0.5 |

---

[13]*Case v. Unified School Dist. No. 233, Johnson County*, 157 F.3d 1243, 1250 (10th Cir. 1998) (citing *Ramos*, 713 F.2d at 553).

[14]*Id.*

[15]*Id.*

[16]*See id.*

| 1/23/2008 | Correspondence to Matthew Valley re: requesting original releases for Medallion Homes and Thomas & Rachelle Butron | 0.20 | 0.20 |
| --- | --- | --- | --- |
| 2/5/2008 | Work re: analysis of discovery documents and preparation of time line | 0.80 | 0 |
| 2/8/2008 | Extended TCW Seuferer re: status of case and plan for discovery (including need for copies of canceled checks) | 0.50 | 0.10 |
| 2/14/2008 | Work re: reply brief in support of motion for judgment on pleadings | 1.20 | 0 |
| 2/14/2008 | Work re: SJ briefs | 0.80 | 0 |
| 2/25/2008 | Work re: reply in support of motion for judgment on pleadings | 1.00 | 0 |
| 2/25/2008 | Work re: response to plaintiffs' SJ motion | 0.70 | 0 |
| 2/26/2008 | Continue work re: reply in support of motion for judgment on pleadings | 0.80 | 0 |
| 2/27/2008 | Draft Pepperdine Affidavit | 1.50 | 1.50 |
| 2/28/2008 | Meet with Larry Pepperdine and rewrite portions of Pepperdine Affidavit | 0.75 | 0.75 |
| 2/29/2008 | Assembled, copied and mailed copies of 18 executed releases and cancelled checks to Steve Fabert to be used as Exhibit 1 to the Pepperdine Affidavit | 4.00 | 1.00 |
| 3/25/2008 | Work re: motion to assess fees for frivolous garnishment | 1.50 | 0.30 |
| 4/2/2008 | Work re: draft of pretrial order | 1.80 | 0 |
| 4/7/2008 | Complete proposed pretrial order and email same to LJ Leatherman | 0.40 | 0 |
| 4/14/2008 | Work re: motion for assessment of fees | 0.70 | 0 |
| 5/2/2008 | Review plaintiffs' response to motion for attorneys' fees and begin work re: reply to same | 0.70 | 0.70 |
| 5/12/2008 | Work re: SJ motion; draft argument and revise statement of facts | 0.70 | 0 |
| 5/27/2008 | Work re: response to plaintiffs' motion for SJ; work re: response to statement of facts | 0.50 | 0 |
| | **TOTAL** | 20.25 | 5.05 |

Counsel's claimed hours were reduced because the Court found the time submitted as excessive, there was a lack of detail so as to allow the Court to determine how the specific task was related to proving this one request for admission, or was related to a task that we determine

Plaintiffs' improper denial of the request for admission did not precipitate, making award of such time inappropriate. As example, CICW's counsel's request of 0.8 hours for work relating to analysis of discovery documents and preparation of a time line provides the Court no insight as to how this task, or even a portion of it, relates to proving the denied request for admission as opposed to the number of other claims and defenses involved in this action. We also find CICW's claim of 4.0 hours to copy and mail 18 releases and accompanying cancelled checks as unreasonable, and reduce this claim to 1.0 hour.[17] Similarly, time spent on the pre-trial order and on motions drafted after CICW's Motion for Attorney Fees is unrelated to proving Plaintiffs' improper denial of this one request. Simply using or referring to the releases in support of argument in subsequent motions does not warrant reimbursement of those costs.

### *b. Reasonable Hourly Rate*

In his affidavit in support of the requested fees, Mr. Fabert stated that he typically charges his clients $200-$225 per hour, but indicated that he sometimes provides a discount to favored clients. Mr. Fabert, however, did not enlighten the Court as to whether CICW is or is not a favored client receiving a discount in fees, nor did he provide information as to his typical discount. Accordingly, and keeping Mr. Fabert's rate in mind, the Court must determine "what lawyers of comparable skill and experience practicing in the area in which the litigation occurs could charge for their time" to establish a reasonable hourly rate.[18] The Court's finding as to rates need only be

---

[17]While the Court notes that these releases and cancelled checks amounted to upwards of 78 pages, Counsel has provided no explanation as to how and why this task took this amount of time, especially in light of modern-day copiers. Moreover, given the releases were mailed to Mr. Fabert, it was highly likely they were mailed in multiple envelopes so as to take substantial time.

[18]*Ramos*, 713 F.2d at 555.

"compatible with competent, trustworthy evidence of the market."[19]  "[F]or th[is] purpose the relevant market value is not the price that the particular lawyer chosen may be paid by willing purchasers of his or her services, but rather the price that is customarily paid in the community for services like those involved in the case at hand."[20]  Accordingly, in light of the relevant market and type of case, this Court finds a reasonable hourly rate for Mr. Fabert to be $190 per hour.  In addition, we find Mr. Fabert's claimed hourly rate for non-lawyer staff of $45 per hour to be reasonable.  The Court finds no exceptional circumstances to warrant an adjustment in the lodestar.

Based on the foregoing, the Court finds that CICW is entitled to attorney fees based on 4.05 hours at $190 per hour, totaling $769.50, and non-attorney costs of 1.0 hour at $45.  Plaintiffs shall therefore pay CICW the total sum of $814.50 for its expenses in proving the improperly denied request for admission.

Plaintiffs shall have 10 days from the date this Order becomes final to make payment of attorneys' fees and costs as imposed by this order.

Accordingly,

**IT IS THEREFORE ORDERED** that Plaintiffs shall pay CICW attorneys' fees and costs of $814.50 related to proving Plaintiffs' improper denial of the request for admission as described in this Order.

**IT IS FURTHER ORDERED** that Plaintiffs shall have 10 days from the date this Order becomes final to pay said fees and costs.

---

[19]*Case*, 157 F.3d at 1256.

[20]*Beard v. Teska*, 31 F.3d 942, 956 (10th Cir. 1994).

**IT IS SO ORDERED.**

Dated this 22nd day of April, 2009, in Wichita, Kansas.

/s Eric F. Melgren
ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE